978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert L. CLARK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-55365.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Clark appeals pro se the district court's order dismissing his Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80 (1982) action for lack of subject-matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Wiseman v. United States, No. 91-35479, slip op. 12367, 12371 (9th Cir. Oct. 9, 1992) (per curiam), and affirm.
 
 
 3
 The government contends that Clark's action was barred under 28 U.S.C. § 2672. This contention has merit.
 
 
 4
 Section 2672 authorizes the heads of federal agencies to "consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for ... personal injury ... caused by the negligent or wrongful act or omission" of an agency employee. Id.
 
 
 5
 The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter.
 
 
 6
 Id. "[A]s a matter of federal law, ... an administrative settlement reached pursuant to section 2672 bars further claims by the settling party, without regard to the effect it would have as a matter of state law." Schwarder v. United States, No. 91-55273, slip op. 10671, 10684 (9th Cir. Sept. 4, 1992).
 
 
 7
 The record shows that Clark accepted and cashed a $50,000 check from the government in settlement of his $5 million claim against the Veterans Administration (VA) for negligent medical treatment. On December 14, 1988, Clark signed a Form 1145 "Voucher for Payment Under Federal Tort Claims Act" containing a clause that tracks the language of section 2672. On the same date, Clark also signed a "Release in Full of All Claims." Because Clark settled his claim against the VA, he may not now pursue the claim in court under the FTCA. See 28 U.S.C. § 2672; Schwarder, slip op. at 10684.
 
 
 8
 On appeal, Clark raises several contentions, none of which have merit. First, the government attorneys who represented the VA were authorized to settle Clark's claim in the agreed-upon amount. See 38 C.F.R. §§ 2.6(e), 14.602, .608. Second, "negotiation" of a settlement is not barred by section 2672. See, e.g., Schwarder, slip op. at 10676 (claimants and government settled claim "[a]fter a period of negotiation"). Third, the record contains ample evidence that Clark in fact settled his claim against the VA. Fourth, the government proceeded properly by filing a motion to dismiss rather than an answer to Clark's complaint. See Fed.R.Civ.P. 12(b). Fifth, Clark's assertions that the declarations submitted by Timothy McKinney and David Backstrom were "doctored" find no support in the record. Finally, the district court did not err by considering evidence of the settlement. See United States v. Pend Oreille Public Utility Dist. No. 1, 926 F.2d 1502, 1507 n. 4 (9th Cir.), cert. denied sub nom., Washington Dept. of Natural Resources v. United States, 112 S.Ct. 415 (1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3